Chad Edward Kastle
CDCR # P-86598
Salinas Valley State Prison
31625 Highway 101, POB 1050
Soledad, California 93960-1050

**Pro se litigant,**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

CHAD EDWARD KASTLE          )
                 Plaintiff,     )          CV-08-00646-JF (PR)
                          )
       vs.                  )          MOTION FOR LEAVE TO FILE AN
                          )          AMENDED COMPLAINT
A. Schwarzenegger; E. Brown Jr.;  )
S. Tilton; M. Evans; K. Kirby;    )
E. Cahalan; M. Schneider; [] Jansen; )
S. Martinez; E. Medina; et al.    )
                          )
             Defendant(s).    )
_____)

         Plaintiff KASTLE, persuant to Rules 15(a) and 19(a), Fed. R. Civ. P., requests leave to file an amended complaint thus adding evidence of further being able to exhaust his administrative remedies where previously the defendant(s) had denied plaintiff of this.

         1.    The defendant has agreed to except a late filing of the plaintiff's exhaustive administrative appeal. (see as attached amendment to this petition an Exhibit (**Ex "I"**))

         2.    Being that the defendant has accepted the Exhaustive Appeal, contrary to their previous denials to do so, the plaintiff requests a stay on this petition until such time that the complaint has been adjucated at the administrative level, or until the exhaustive process is complete persuant to 42 USC §1997e.

         3.    This court should grant leave freely to amend a complaint, or [to grant a stay of petition], please see the

**KASTLE ON MOTION FOR LEAVE**

1  citation at <u>Foman v. Davis</u> (1962) 371 U.S. 178, 182.

2  DATED: 3-6-08                          Respectfully Submitted,

3

4                                         _____
                                          Chad E. Kastle, P86598
5                                         Plaintiff, In Pro Per.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KASTLE ON MOTION FOR LEAVE

Chad Edward Kastle
CDCR # P-86598
Salinas Valley State Prison
31625 Highway 101, POB 1050
Soledad, California 93960-1050

**Pro se litigant,**

FILED

08 JAN 28 AM 10:48

RICHA D W. WIEKING
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

CHAD EDWARD KASTLE
          Plaintiff,

    vs.

A. SCHWARZENEGGER, Govenor of
California;
E. BROWN JR., Attorney General
of California;
. TILTON, Secretary of California
Department of Corrections;
M. EVANS, Warden of Salinas
Valley State Prison;
K. KIRBY, Medical Doctor;
E. CAHALAN, Licensed Psychological
Technician;
M. SCHNEIDER, Psychologist;
MR. JANSEN, Correctional Sergeant;
S. MARTINEZ, Correctional Officer;
E. MEDINA, Correctional Counsler;
et al.
          Defendant(s).

CV 08 00646

Case No. _____

**COMPLAINT**

**42 U.S.C. §1983**

JF

I

## JURISDICTION AND VENUE

1.    This is a civil action authorized by 42 U.S.C.
Section 1983 to redress the deprivation, under color of state
law, of rights secured by the Constitution of the United States.
The court has juristiction under 28 U.S.C. Section 1331 and

COMPLAINT          - 1 -

E X H I B I T    ( I )

**Ex. Page No.**

1.     Letter of March 04, 2008 to the Director of
       Corrections regarding the final level of
       Administrative Review

2.     Section "H" of the Administrative Appeal
       comopeted my plaintiff on March 04, 2008

3.     Id.

4.     Id.

5      Id.

6.     Memorandum from the Defendant(s) regarding the
       Investigation of the Administrative "2nd Level"
       Review dated for February 26, 2008

7.     The Administrative CDCR-602 Appeal filed on
       August 02, 2007, and Date-Stamped Received on
       February 07, 2008

8.     Continuation of page 7, Id.

9.     Exhibits to acompany August 02, 2007 Administrative
       Appeal.  (six pages of RVR-Reports)

10.    Screen-Out Form attached to Sept. 17, 2007 Administrative
       Appeal of September 18, 2007.

11.    Administrative CDCR-602 Appeal of September 17, 2007

12.    Continuation of page 11, Id.

13.    Screen-Out Form attached to Sept. 5, 2007 Administrative
       Appeal of September 06, 2007.

14.    Administrative CDCR-602 Appeal of September 5, 2007.

15.    Attachment to Page 14, Id.

16.    Proof of Service of Administrative Appeal on Defendant(s).

17.    Resended Administrative CDCR-602 Appeal of Feb. 2, 2008.

18.    Continuation of Page 17, Id.

Salinas Valley State Prion
Chad E. Kastle, P86598
PO Box 1050 / B5-102
Soledad, CA 93960-1050


March 04, 2008


Director of Corrections
PO Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

  RE: CDCR-602, LOG # SVSP-08-00671, dated August 2, 2007

Dear Chief, Inmate Appeals,

Attached to this letter is a completed section "H" of the Inmate
CDCR-602. The Appeal is acompanied by two seperate attachments;
1) Petition for Writ of Habeas Corpus, and, 2) Resended CDCR-602
Appeal of February 02, 2008. Both of these attachment are attached
as documentary evidence in support of section H of the enclosed
Appeal.

I ask that you complete the Director's Level (3rd Level) Review of
this Appeal and return the completed document to me within the
60 day time frame persuant to 15 CCR §3084.7(b)(4).

Thank you.

Sincerely,

Chad E. Kastle, P86598
Inmate, SVSP
///


[attachments] : Habeas Corpus Petition
                Resended CDCR-602 Appeal

cc: Chief, Inmate Appeals          Chief Psychologist, Mental Health Program
    1515 S. Street                 Division of Correctional Health Care Services
    Sacramento, CA 95814           (DCHCS)
                                   ATTN: Dr. Shama Chaiken, Ph.D.
                                   P.O.Box 942883
                                   Sacramento, CA 94283-0001

Section "H" of CDC-602, LOG # SVSP-B-08-00671, Aug. 2, 2007
Inmate Kastle, Chad E., CDCR # P-86598, FB-5-102L
March 04, 2008

H)  Because of inconsistancies and misconstrued facts surrounding the circumstances of the second level review by CCII Medina and CDW Neotti, I am requesting a third level (Director's level) review of this appeal.

On August 02, 2007 I filed this CDCR-602 under the "Describe Problem", of section A.. The original appeal was subsequently misplaced or lost in route to the appeals coordinator and numerous attempts to salvage the lost/misplaced appeal through the 08-19-07 CDC-GA-22 (Inmate Request For Interview. Form), 05-09-07 CDC-602 (Inmate/Parolee Appeal Form), and the 09-17-07 (CDC-602) were either not answered or where screened-out by CCII Medina. (see, these documents as permanant attachments to this appeal) Being that I could not further exhaust my administrative appeals remedies, due to the frivoulous, "Screen-Out" (CDCR-695 Form) attachments, I deemed the exhaustion requirement inadequate and initiated a Petition for Writ of Habeas Corpus in the Monterey County Superior Court for redress. (see attached Petition) The Monterey Co. Superior Court denied my petition on the ground that I failed to fully exhaust the administrative remedies as required prior to filing a Habeas Corpus Petition. I further filed an appeal with the Sixth Appellate District Court of Appeals for relief. The 6th App. Dist. denied my Habeas Corpus Petition without comment. (see attached Petition) Currently I have filed for review of said Petition in the California Supreme Court and currently await response. (see attached Petition).

On 02-07-08 I again attempted to resolve this matter by submitting a fourth CDC-602. The following day I met with CCII Medina regarding this Appeal. After the interview I agreed to resend the instant CDC-602 as CCII Medina agreed to accept the Original 08-02-2007, CDC-602, after over six months had passed.

On March 03, 2008 I received the appeal back where both CCII Medina and ADW Neotti had denied my appeal.

Section "H" (Continued) of CDC-602, LOG # SVSP-B-08-00671, 08-2-07
Inmate Kastle, Chad E., CDCR # P-86598, FB-5-102L
March 04, 2008
Page 2

The issues I am appealing to the Director's Level are such that
the Summary of Investigation conducted by CCII Medina and CDW
Heotti, are inconsistent with the documentation surrounding this
incident.

At the "Action Requested" section of this appeal, I requested that,
"The California Attorney General file a formal complaint with the
State Licensing Board, National Institute of Mental Health, The
Board of Behavioural Sciences, The California State Board of
Pharmacy, The Medical Board of California, The Board of Psychology,
and the Department of Commerce regarding Dr. Kirby's abuse of her
position as a psychiatrist...Reverse **all actions both advertant
and inadvertant caused by Dr. Kirby's actions against Petitioner,
(including RVR-115, LOG # B07-07-0036)** on 07-25-2007 and
hereafter.", and not mearly the appeal coordinator's perfunctory
response that I, "Request that the psychiatrist be removed from
practicing and profession within CDCR." as the sole relief for
this appeal.  (see Original Appeal at Section A)

The main purpose of this appeal is to, one, have my 90 days of
forfeited credits restored (due to the RVR) and to have the
RVR-115 expunged from my record for a lack of legal suficiancy
whereupon the information to warrant the confrontataion by custody
staff which ultimately resulted in the RVR.  The Statute is clear
in Both California and Federal Law that information gained by
illegal means cannot be used to convict a person, thus such info
gained by these means would result in grounds for dismissal of
charges which resulted from that information.  This doctrine is
firmly established in United States Law as the, Fruit-of-the-
poisonous-Tree-Clause.

Further, in the 2nd level appeal response by CCII Medina, he states
that I [appellant] did not refute what was written on the RVR.
This is contrary to the truth, as I do refute what is written on
the RVR.  In the Original RVR, part C of Dr. Kirby's supplemental
report, Dr. Kirby states that she consulted with my regular

Section "B" (Continued) of CDC-602, LOG # SVSP-B-08-00671, 8-2-07
Inmate Kastle, Chad E., CDCR # P-86598, FB-5-102L
March 04, 2008
Page 3

Clinition, Dr. M. Schneider, Psy. D, after the July 25, 2007
interview with me (which ultmately resulted in the RVR and this
Appeal) concerning whether or not I was outside of my "normal"
baseline, and whether or not a toxicology screening should be
conducted. After I spoke with Dr. Schneider regarding Dr. Kirby's
statement, Dr. Schneider contested what is written in the RVR
by Dr. Kirby, as she did not concur that I should be tested by
custody staff. (see, attached Petition @ Exhibit page 26-C, and
RVR attached)

Further, CCII Medina and/or CDW Neotti, attached as supporting
documentation to warrant the denying of the 2nd level, two
seperate memorandums. The First memorandum on the subject of:
"Processing Confidential Disclosures by Contract Clinitions in
Life Prisoner Hearing Process", which was dated for 02-11-2008.
This memorandum would not apply to me as 1) I am not a lifer
inmate, therefore will not attend any Lifer hearing, and 2) the
memorandum was initiated over six months after the incident to
which this appeal is addressing, and would violate both State and
Federal Ex Post Facto law were it allowed as reasons for denial
of my appeal. The Second memorandum on the subject: "The
Parameters of Confidentiality of Inmate-Patient Communications
& Guidelines For Disclosure", would only apply to me if I,
"posed a threat to the safelty and security of the institution",
or, "Possed a danger to self or others". Neither of these
circumstances were noted in any documentary evidence against me,
further, after the July 25th interview, Dr. Kirby simply sent me
back to recreational yard to continue out my day. This most
certainly would not have been the case had I acted in the above
manner. (see attached memorandums) These memorandums would not
apply to this appeal or matter as the wording at 15 CCR §3361(c)
regarding confidential information would trump any and all
disclosure laws because of Dr. Kirby's misconduct.
Simply put, if Dr. Kirby had wanted to, for medical reasons,

Section "H" (Continued) of CDC-602, LOG # SVSP-B-08-00671, 8-2-07
Inmate Kastle, Chad E., CDCR # P-86598, FB-5-102L
March 04, 2008
Page 4

test me for any controlled substance, her own regulation state
that she shall request this "Medical Test" through "Medical Staff"
not custody Staff, so as the matter does not serve to discipline
the inmate for confiding in his treating psychotheraptst. (see
petition for adjucation of this contention)

WHEREFORE, for the reasons set forth herein and in the documents
incorporated by reference, I respectfull request that the Director
of Corrections grant the relevant portion of the action requested
section of this appeal thus granting the restoration of my 90
days of forfeited credits due to RVR-115, LOG # B07-07-0036 of
07-25-2007.

I contest under penalty of perjury that the foregoing statement
is true and correct.  Dated this 4th day of March, 2008.

                              Respectfully Submitted,


                              Chad E. Kastle, CDCR # P-86598
                              Inmate, SVSP.


  [attachments]:
                08/02/2007 (Original Appeal)
                02/07/2008 (Resended Appeal)
                10-05-2007 (Petition for Writ of HC)

  cc:  Chief, Inmate Appeals
       1515 S. Street
       Sacramento, CA 95814

       Cheif Psychologist, Mental Health Program
       Div. of Correctional Health Care Services (DCHCS)
       ATTN: Dr. Shama Chaiken, Ph.D
       P.O.Box 942883
       Sacramento, CA 94283-0001

cc/ck03042008.001

State of California

Department of Corrections and Rehabilitation

# Memorandum

Date:    February 26, 2008

To:    Inmate KASTLE, P-86598
        Salinas Valley State Prison

Subject:  SECOND LEVEL APPEAL RESPONSE LOG NUMBER SVSP-B-08-00671

### ISSUE:

The appellant states that on July 25, 2007, a psychiatrist violated the patient/physician confidentiality by informing staff that the appellant was "high". The appellant attached CDC Form 115, Rules Violation Report (RVR), Log #B-07-07-0036, dated July 25, 2007 for "Refusal to Test for Controlled Substances" to his appeal as an exhibit.

The appellant requests that the psychiatrist be removed from practicing any profession within CDCR.

### REGULATIONS:

CCR Title 15 §3315 Serious Rule Violations
CCR Title 15 §3318 Assistance to Inmates for Serious Rule Violations
CCR Title 15 §3320 Hearing Procedures and Time Limitations
CCR Title 15 §3323 Disciplinary Credit Forfeiture Schedule

### SUMMARY OF INVESTIGATION:

The First Level of Review was bypassed per CCR 3084.5(b). Eloy Medina, Appeals Coordinator, was assigned to investigate this appeal at the Second Level of Review. The appellant was interviewed by Eloy Medina on February 8, 2008. During interview, the appellant stated that he did not refute what was written on the RVR.

In accordance with the CCR §3084.5 (h) Disciplinary Appeals; the RVR and supporting documentation is reviewed for procedural or due process requirements. All submitted documentation and supporting arguments have been considered. Additionally, a thorough examination has been conducted regarding the claim presented by the appellant and evaluated in accordance with Salinas Valley State Prison Operational Procedures (OP); the CCR; and the Departmental Operations Manual (DOM).

The appeal was reviewed by the Hiring Authority and rejected as a staff complaint. Therefore, the appeal was categorized and responded to as a disciplinary appeal.

Inmate KASTLE, P-86598
Appeal Log Number SVSP-B-08-00671
Page 2 of 2

A review of the RVR indicates that the appellant was charged with CCR 3290(d), for the specific act of "Refusal to Test for Controlled Substances." The charge was classified as a Division "D" offense.

The discovery date of the RVR was 7/25/07. The RVR notes the appellant received his copy of the RVR on 8/1/07, which was within fifteen (15) days of the discovery. The appellant was provided with his copy of the entire RVR. The RVR was not referred to the Monterey County District Attorney's (DA) office for possible prosecution. The appellant attended the disciplinary hearing held on 8/5/07, which is within thirty (30) days of the RVR being issued to the appellant.

A Staff Assistant was not assigned as the appellant's TABE score is above 4.0.

Appellant was a participant in the Mental Health Services Delivery System (MHSDS) at the Correctional Clinical Case Management System (CCCMS) level of care. The circumstances of the RVR did not indicate that the appellant displayed any bizarre behavior that would raise concerns about his mental health.

An Investigative Employee (IE) was not assigned in accordance with CCR 3315(d)(1). The appellant did not request any evidence or witnesses.

The SHO determined a guilty finding, documented a preponderance of evidence, and assessed ninety (90) days credit loss commensurate with a Division "D" offense.

The appellant states that he is not appealing the RVR, he is appealing the breach of confidentiality by the psychiatrist.

In accordance with the headquarters memoranda titled "Processing Confidential Disclosures by Contract Clinicians in Lifer Prisoner Hearing Processes" dated February 11, 2008 and "The Parameters of Confidentiality of Inmate-Patient Communications and Guidelines for Disclosure" dated 4/18/07, the disclosure of confidential information to appropriate non-clinical staff is mandatory when there are signs and symptoms that an inmate is in a state of acute intoxication, secondary to either illegal substances or prescribed medications.

In conclusion, this review finds that the appellant was afforded all due process and there was no breach of confidentiality.

**DECISION**: The appeal is DENIED.

The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.

G.A. NEOTTI
Chief Deputy Warden

This is an exact typed copy of my original document, dated for August 2, 2007 and I currently do not have regular access to a copy machine. I attest under penalty of Perjury that this is an exact re-ped copy of my Appeal.

Chad E. Kastle, P86598, In pro per,

STATE OF CALIFORNIA

**INMATE/PAROLEE APPEAL FORM**

CDC 602 (12/87)

DEPARTMENT OF CORRECTIONS

Location: Institution/Parole Region ___ Log No. ___ Category
1. 3/20 B 2. 08-00671 1. ___ 2. ___

CDW/medica 2nd

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

Div D                                                    B07-07-0036

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|-----------|------------------|
| KASTLE, Chad Edward | P86598 | PTR-B.521 B52W | B-5-204 |

A. Describe Problem: Inmate KASTLE [Hereinafter referred to as, "Petitioner"] seeks injunctive relief under the Federal Rights Act, 42 U.S.C. §1983, and §1997e(a) as well as citing case Coleman vs. Wilson (E.D.Cal.1995) 912 F.Supp.1282. Petitioner also seeks injuctive relief under, California Government Code §810, as well as cite case law, People vs. Delgado (1989) 262 Cal.Rptr 122 at page 130 when citing, Kaybea vs. Rushing (1986) 178 Cal.App.3d 528, also see The Sixth Montering Report Of The Special Master, filed 10/10/2000; Coleman vs. Davis (E.D.Cal.2000) No.Civ. S-90-0520 LKK. (cont. on Attached page)

If you need more space, attach one additional sheet.

RECD FEB 07 2008

B. Action Requested: Grant Injunctive Relief requested by Petitioner in such that Dr. Kerby be permanantly removed from practicing any profession within the California Department of Corrections and Rehabilitation here forth. The California Attorney General file a formal complaint with the State Licensing (cont. on Attached page)

Inmate/Parolee Signature: ___                          Date Submitted: 08/02/2007

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response:

**BYPASS**

Staff Signature: _____                    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

**BYPASS**

Signature: _____                          Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

**BYPASS**

_____

_____

_____

Staff Signature: _____ Title: _____ Date Completed: _____

Division Head Approved: _____ Returned

Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

**BYPASS**

_____

_____

Signature: _____ Date Submitted: _____

Second Level    ☐ Granted    ☐ P. Granted    ☑ Denied    ☐ Other  2/11/08

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 2/11/08    Due Date: 3/24/08

☑ See Attached Letter

Signature: _____    Date Completed: 2/26/08

Warden/Superintendent Signature: DO Jones, CDW (A)    Date Returned to Inmate: RET'D FEB 2 9 2008

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Please See attachement to this appeal labled Section "H", for this Section

Signature: _____    Date Submitted: 3-4-08

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter
Date: _____

CDC 602 (12/87)

Continuation of CDC 602 dated for 08/02/2007

A: - Petitioner claims that during an interview of 07/25/2007, he and his primary care psychiatrist, Dr. Kerby, discussed possibly taking Petitioner off his current prescribed dosage of 50mg of Paxil (Antidepressant), and reducing it to 20mg over the next two weeks as Petitioner seemed agitated at his current dosage, displaying both anxiety and slight paranoia. At the mention of reducing Petitioner's current dosage, Petitioner became very argumentitive and refused to sign any INFORMED CONSENT form to have the psychiatrist reduce his dosage. Dr. Kerby continued to suggest that he seemed very agitated, showing signs of SSRI (Selective Serotonin Reuptake Inhibitors) overload, or possibly High on Methamphetamines. To which Petitioner explained he suffers from Bipolar Disease (Documented throughout his mental health record ), and that his enlarged puplis were dialated as a side effect of his medication (Also documented in petitioner's health file) which is the reason petitioner has a prescription for transition lenses. Petitioner requested that Dr. Kerby review his medical file to which Dr. Kerby refused, stating only that she knew Petitioner was high, and medication does not cause this side effect. Petitioner and Dr. Kerby persistantly argued about lowering the dosage of Paxil, to which Petitioner strongly refused to consent to, being that he knew the effect of doing so results in relapse (see mental Health file). Dr. Kerby took advantage of her position as facility psychiatrist to discipline Petitioner for challenging her professional conduct, and appointed custody staff, NOT medical staff, conduct a UA (urine Analysis) of Petitioner. When Officer S. Martinez approached Petitioner requesting him giving a UA, Petitioner declined knowing this to be a retaliatory action, steming from his refusal to sign an INFORMED CONSENT form to remove Petitioner from his relying treatment.

Petitioner is filing this Administrative Appeal so as to exhaust his lesser remedies in accordance with 42 U.S.C. §1997e(a), and Bishop vs. Lewis (9th Cir. 1998) 155 F3d. 1094.

B: - Board, National Institute of Mental Health, Board of Behaviour Sciences, California State Board of Pharmacy, Medical Board of Calif., Board of Psychology, and the Department of Comerce regarding Dr. Kerby's missuse of her position as a Psychiatrist, and a person. Reverse all Actions both advertent and inadvertent caused by Dr. Kerby's actions aginst Petitioner (including CDC 115, LOG# B07-07-0036) on 07/25/2007 and hereafter.

## VERIFICATION

I, Chad E. Kastle, CDC&R# P86598 attest under penalty of perjury that the foregoing statment is true and correct.

_____                    DATED THIS 2nd DAY OF AGUST 2007
CHAD E. KASTLE, P86598
Petitioner, In Pro Per.                         attachments: CDC115 dated 07/30/2007, CDC115-C, Dated
                                                07/31/2007, and CDC115-A, Dated 07/31/200

cc/ck

804 Sent To Records O   7-30-0   By (SN)

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTION

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| P-86598 | KASTLE | | EPRD/7-11-2010 | SVSP | B5-204U | B07-07-0 |
| VIOLATED RULE NO(S). | | SPECIFIC ACTS | LOCATION | | DATE | TIME |
| CCR §3290(d) | | REFUSAL TO TEST FOR CONTROLLED SUBSTANCES | Fac. 'B' HEALTH ANNEX | | 07/25/07 | 1330 HRS |

**CIRCUMSTANCES**

On July 25, 2007, at approximately 1330 hours, while I was assigned as Bravo Work Crew Officer, I we instructed by B-Yard Sergeant Jansen to conduct a urinalysis on Inmate KASTLE, P-86598, B5-204U, at the request o B-Yard medical staff Dr. Kirby. I had Inmate KASTLE report to B-Medical Health Annex. I handed Inmate KASTLE a pai of latex gloves and a urine specimen container and instructed Inmate KASTLE to give me a urine sample. Inmate KASTL handed me back the above mentioned items and stated, "I refuse." I advised Inmate KASTLE that refusal to submit t a urinalysis would result in a CDC 115 for refusing. Inmate KASTLE stated, "That's alright, I will take the 115."

Inmate KASTLE is a participant in the Mental Health Services Delivery System at the CCMS level of care.

Inmate KASTLE's TABE score is above 4.0.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ► S. Martinez, Correctional Officer | 7/30/07 | B-Work Crew Ofcr. | S/S |
| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING N/A | |
| | 7-30-2007 | DATE | LOC. |
| CLASSIFIED | OFFENSE DIVISION: | DATE: | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
| ☐ ADMINISTRATIVE | D | 7/30/07 | S. Rico | ☐ HO ☑ SHO ☐ SC ☐ |
| ☒ SERIOUS | | | | |

**COPIES GIVEN INMATE BEFORE HEARING**

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | | |
|---|---|---|---|---|---|---|
| B07-07-0036 | ► | 8/1/07 | 2000 | N/A | | |
| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
| N/A | ► | | | ► | | |

**HEARING**

**PLEA: NOT GUILTY**

**FINDINGS:** Inmate KASTLE was found Guilty of CCR §3290(d), specifically, "REFUSAL TO TEST FOR CONTROLLED SUBSTANCES", Division "D" Offense. This finding is based on the preponderance of evidence presented at the hearing which d substantiate the charge.

**DISPOSITION:** ▓▓▓▓▓▓▓▓▓▓ or credits, consistent with a Division "D" Offense, per C §3323. Inmate KASTLE was assessed 90 days Privilege Group "C", which shall commence on 08/05/07 and conclude 11/02/07. Privilege Group "C" includes: Limited yard per "C" Status, No telephone calls (except on emergency basis), dayroom, No family visits, No special purchase or quarterly packages, ¼ maximum canteen draw.

**ADDITIONAL DISPOSITION:** Inmate KASTLE was counseled, warned and reprimanded.

**INMATE KASTLE IS REQUIRED TO SUBMIT TO MANDATORY RANDOM DRUG TESTING, PER CCR 3315(f)(4), FOR A PERIOD OF TWELVE ( MONTHS.**

**(CONTINUED ON RVR PART-C)**

| REFERRED TO ☐ CLASSIFICATION ☐ BPT/NAEA | | | |
|---|---|---|---|
| ...TION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
| I. KESSLER, CORRECTIONAL LIEUTENANT (F-B) | ► | 8/5/07 | 0819 |
| ...VED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
| RENKE, CAPTAIN (A) | 8/21/07 | ► E.R. JONES, C.D.O. CDO | 8/29/0 |
| ...CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | DATE | TIME |
| | ► | 9-10-07 | 095 |

STATE OF CALIFORNIA
RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTION
PAGE 2 OF 4

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| P-86598 | KASILE | B07-07-0036 | S.V.S.P. | 08/05/07 |

☐ SUPPLEMENTAL  ☒ CONTINUATION OF: ☐ 115 CIRCUMSTANCES ☒ HEARING ☐ IE REPORT ☐ OTHER_____

**Hearing:** 08/05/07   **Time:** 0819 hrs   **Any Postponement Explained:** None

**Inmate's Health:** Inmate KASILE stated his health was good and is willing to proceed with the hearing. The circumstances have been read aloud in the presence of inmate KASILE, who acknowledged his understanding of the charges.

**MHSDS:** Inmate KASILE **is** a participant in the Department's Mental Health Services Delivery System (MHSDS), at the CCCM level of care.

The circumstances of the RVR do not indicate that inmate KASILE exhibited any bizarre behavior that would raise concerns about his mental health. Based on this and pursuant to recent changes approved by the U.S. Court on COLEMAN, mental health assessment was not initiated. During the hearing, inmate KASILE did not demonstrate any strange, bizarre or irrational behavior.

**Date of Discovery:** 07/25/07
**Initial RVR copy issued on:** 08/01/07
**Last document issued on:** 08/01/07
**Hearing started on:** 08/05/07
**D.A. postponed date:** None
**D.A. results issued date:** None

**Time Constraints:** Time constraints were met. Inmate KASILE was provided a copy of the CCDR Form 115 within 15 days after the discovery of information leading to the charge. The hearing was held within 30 days of the date the inmate was provided a copy of the CCDR Form 115.

**Staff Assistant (SA):** A Staff Assistant was not assigned per CCR §3315(d)(2).

Inmate KASILE'S TABE Reading Score is above 4.0.

**Investigative Employee (IE):** An Investigative Employee was not assigned per CCR §3315(d)(1).

**D.A. Referral:** N/A

**Evidence Requested or Used:** There was no evidence requested or used.

**External/Outside Evidence:** None   **Video Tape Evidence:** None

**Inmate Plea and Statement:** Inmate KASILE entered a plea of **NOT GUILTY** and made the following statement: "No, I have t deal with it on appeal."

(CONTINUED ON RVR PART-C)

| | SIGNATURE OF WRITER  Faker G | DATE SIGNED |
|---|---|---|
| | R.A. KESSLER, CORRECTIONAL LIEUTENANT | 8/5/07 |
| ☒ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
| | | 9-1-07 | 0900 |

115 C (5/95)

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTION
PAGE _3_ OF _4_

**RULES VIOLATION REPORT - PART C**

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| P-86598 | KASILE | B07-07-0036 | S.V.S.P. | 08/05/07 |

☐ SUPPLEMENTAL ☒ CONTINUATION OF: ☐ 115 CIRCUMSTANCES ☒ HEARING ☐ IE REPORT ☐ OTHER_____

**The Senior Hearing Officer asked the following question(s) of the Subject:**

Q-1: You were ordered to submit to a urine analysis by Correctional Officer Martinez?
A-1: Yes.

Q-2: Did you comply with this lawful order?
A-2: No.

**Witnesses Requested:** None. **Witness Testimony at Hearing:** None

**Confidential Information:** There was no confidential information used in this hearing.

**Findings:** Inmate KASILE is found **Guilty** of "REFUSAL TO TEST FOR CONTROLLED SUBSTANCES." This finding of **Guilty** is bas upon the following preponderance of evidence:

A: The testimony of Correctional Officer S. Martinez, presented in the circumstances portion of the RVR which states part: "....I was instructed by B-Yard Sergeant Jansen to conduct a urinalysis on inmate KASILE (P-86598, B5-204U), the request of B-Yard medical staff Dr. Kirby. I had inmate KASILE report to B-Medical Health Annex. I handed inmate KASILE a pair of latex gloves and a urine specimen container and instructed inmate KASILE to give me a urine sample. Inmate KASILE handed me back the above mentioned items and stated, "I refuse." I advised inmate KASILE that refusal submit to a urinalysis would result in a CDC-115 for refusing. Inmate KASILE stated, "That's alright, I'll take t 115."

B: The testimony of Dr. Kirby M.D., presented in the RVR Supplemental Report, which states in part: " On 07/25/07, approximately 1130 hours, while assigned as Psychiatrist, I saw inmate KASILE (P-86598) for a priority ducat medication management appointment. During the appointment, I noted that he was agitated, anxious, slightly tremulous argumentative, defensive, slightly paranoid, demanding and not appropriately processing information. His eyes we glassy and his pupils were extremely dilated. I did not believe these symptoms were best accounted for by his curre medication, though I reduced it over the next several weeks, as it appeared contraindicated. Following my appointm with him, I discussed his presentation with his regular clinician, Dr. Schneider, who concurred that his presentati was outside his normal baseline, and we both had agreed that a urine toxicity screen was appropriate. I suspected th these symptoms were better accounted for by substance abuse, consistent with amphetamine abuse, and ordered a st urine toxicity screen. I was informed that inmate KASILE refused to provide a urine sample and this matter has be turned over to custody for appropriate action."

**Conclusion:** The Reporting Employee notes that he recieved instructions from Sergeant Jansen, per Dr.Kirby, to conduct urine analysis on inmate KASILE, who did not cooperate and stated, "I refuse." The Supplemental Report authored by I Kirby M.D. notes that she met with inmate KASILE on 07/25/07 and suspected (believed) that the symptoms noted in RVR Supplemental were not consistent with his prescribed medication. Dr. Kirby discussed the aforementioned with inma KASILE'S regular clinician, Dr. Schneider, who concurred that inmate KASILE'S presentation was outside his norm baseline and that a toxicity screen was appropriate. Dr. Kirby states she suspected that the symptoms noted in the I Supplemental Report were better accounted for by substance abuse, consistent with amphetamine abuse.

(CONTINUED ON RVR PART-C)

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| R.A. KESSLER, CORRECTIONAL LIEUTENANT | | 8/5/07 |

☒ COPY OF CDC 115-C GIVEN TO INMATE

| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|
| | 9-1-07 | 0900 |

STATE OF CALIFORNIA

**RULES VIOLATION REPORT - PART·C**

DEPARTMENT OF CORRECTION
PAGE **4** OF **4**

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| P-86598 | KASILE | B07-07-0036 | S.V.S.P. | 08/05/07 |

☐ SUPPLEMENTAL  ☒ CONTINUATION OF:  ☐ 115 CIRCUMSTANCES  ☒ HEARING  ☐ IE REPORT  ☐ OTHER_____

Inmate KASILE pled not guilty to said charge, however he did not use the alloted time set aside for him to present t
basis for his innocence. The Senior Hearing Officer admonished inmate KASILE for not complying to direct orders fr
staff. Inmate KASILE was advised that further violations of this nature will result in progressive disciplinary actio

**This finding is based on the preponderance of evidence at the hearing, which does substantiate the charge.**

**Enemy Concerns:** There are no enemy concerns related to this disciplinary report.

**Appeal Rights:** Inmate KASILE was advised of his rights to appeal per CCR §3084.1(a). Inmate KASILE was advised th
he will receive a completed copy of the RVR upon final audit by the Chief Disciplinary Officer. Inmate KASILE w
further advised of restoration of credit loss for a Division "D" Offense per CCR 3327.

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| R.A. KESSLER, CORRECTIONAL LIEUTENANT | 8/5/07 |

| ☒ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
|  |  | 9-1-07 | 0900 |

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTION
PAGE ___1___ OF ___1___

**RULES VIOLATION REPORT - PART C**

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|------------|---------------|------------|-------------|--------------|
| P-86598 | KASTLE | B07-07-0036 | SVSP | 07/25/07 |

[x] SUPPLEMENTAL  [ ] CONTINUATION OF:  [ ] 115 CIRCUMSTANCES  [ ] HEARING  [ ] IE REPORT  [ ] OTHER_____

On 07/25/07, at approximately 1130 hours, while I was assigned as Psychiatrist, I saw Inmate KASTLE, P-86598, for a priority ducated medication management appointment. During the appointment, I noted that he was agitated, anxious, slightly tremulous, argumentative, defensive, slightly paranoid, demanding, and not appropriately processing information. His eyes were glassy and his pupils were extremely dilated. I did not believe these symptoms were best accounted for by his current medication, though I reduced it over the next several weeks, as it appeared contraindicated. Following my appointment with him, I discussed his presentation with his regular clinician, Dr. Schneider, who concurred that his presentation was outside his normal baseline, and we both had agreed that a urine toxicity screen was appropriate. I suspected that these symptoms were better accounted for by substance abuse, consistent with amphetamine abuse, and ordered a stat urine toxicity screen. I was informed that Inmate KASTLE refused to provide a urine sample and this matter has been turned over to custody for appropriate action.

Dr. Kirby, ~~Psy.D~~ M D

| | DATE SIGNED |
|---|---|
| SIGNATURE OF WRITER | 7/31/07 |

| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|
| [ ] COPY OF CDC 115-C GIVEN TO INMATE | 8/1/07 | 2600 |

115-C (5/95)

OSP 09 2

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTION

## SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| | | CCR 3290(a) | 07/25/07 | GVSP | P07-37-0036 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT  ☐ YES  ☒ NO

### POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | ► N/A | |
| ☐ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | INMATE'S SIGNATURE ► N/A | DATE |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION N/A | |
|---|---|---|
| ☐ I REVOKE my request for postponement. | INMATE'S SIGNATURE ► N/A | DATE |

### STAFF ASSISTANT

| STAFF ASSISTANT | | INMATE'S SIGNATURE ► | DATE |
|---|---|---|---|
| ☐ REQUESTED | ☐ WAIVED BY INMATE | | |
| ☐ ASSIGNED | DATE | NAME OF STAFF | |
| ☒ NOT ASSIGNED | REASON   DNMC 3315 d.2 | | |

### INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | | INMATE'S SIGNATURE ► | DATE |
|---|---|---|---|
| ☐ REQUESTED | ☐ WAIVED BY INMATE | | |
| ☐ ASSIGNED | DATE | NAME OF STAFF | |
| ☒ NOT ASSIGNED | REASON   DNMC 3315 d(1) | | |

EVIDENCE / INFORMATION REQUESTED BY INMATE:

### WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☐ REPORTING EMPLOYEE   ☐ STAFF ASSISTANT   ☐ INVESTIGATIVE EMPLOYEE   ☐ OTHER _____   ☒ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| N/A | ☐ | ☐ | N/A | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, document the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| | INVESTIGATOR'S SIGNATURE ► | DATE |
|---|---|---|

| ☒ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ► | TIME 1400 | DATE 8/1/07 |
|---|---|---|---|

State of California          INMATE / PAROLEE APPEAL SCREENING FORM          Department of Corrections and Rehabilitation
                                                                                            CDCR-695

INMATE: _Kastle_____ CDC #: _P-86598____ CDC HOUSING: _B5-102___

THIS IS *NOT* AN APPEAL RESPONSE – THIS APPEAL IS EITHER REJECTED FOR ONE OR MORE REASONS NOTED BELOW OR
RETURNED TO YOU TO ATTACH SUPPORTING DOCUMENTS.

### YOUR APPEAL IS BEING RETURNED TO YOU FOR THE FOLLOWING REASON(S):

[ ] Duplicate Appeal; Same Issue

[ ] Inappropriate Statements

[ ] Time Constraints Not Met

[ ] Cannot Submit On Behalf Of another Inmate

[ ] Appealing Action Not Yet/Already Taken

[ ] May Submit One (1) Non-Emergency Appeal Per Week

[ ] Incomplete 602

[ ] Attempting to Change Original Appeal Issue

[ ] Not Authorized to Bypass Any Level

[✓] Numerous and separate issues

[ ] Limit of One Continuation Page May Be Attached

[ ] Action / Decision Not Taken By CDCR

[ ] DRB/BPH Decisions Are Not Appealable

[ ] No Significant Adverse Effect Demonstrated

[ ] Pointless Verbiage/Appeal is vague

[ ] Not A Request Form; Use CDCR-7362 – to access Medical
  Services, submit your request on a CDCR-Form 7362.
  If necessary, sign up for sick call.

[ ] Request for Interview; Not an Appeal

[ ] must attempt to resolve grievance informally
  through the informal appeals process

PLEASE FOLLOW INSTRUCTIONS AND <u>RETURN YOUR CDC 602 WITHIN 15 WORKING DAYS</u>
Comments:  You may write on back of this form to clarify or respond to the above.

you have several issues in appeal.
#1 is to have an appeal, I never received, get
a log #. I can only process appeals after I
receive them. You have attached a copy of
an appeal, on white paper, w/ no original signature
that is now outside time constraints.
#2 is the RVR. to appeal an RVR, attach
a complete final copy : note due process
procedural errors on a 602

Eloy Medina, CC-II                                    Date: _9/18/07_
Appeals Coordinator

This screening action may not be appealed.  If you allege the above reason is inaccurate, then attach an explanation
on a separate piece of paper, or use the back of this screen out – *do not write any more on the appeal itself.*  Please
return this form to the Appeals Coordinator with the necessary information attached. (4/30/07)

DEPARTMENT OF CORRECTIONS

STATE OF CALIFORNIA

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region    Log No.    Category /0

1. _____    1. _____

2. _____    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

*Processing at Appeals*

| NAME Kastle, CHAD EDWARD | NUMBER P86598 | ASSIGNMENT 2nd Watch Building Porter | UNIT/ROOM NUMBER B5-102 |
|---|---|---|---|

A. Describe Problem: ☒ After an incident on July 25, 2007, I filed a 602 appeal form dated for August 02, 2007 (Exhibit A) through the institutional mail. After not receiving an Inmate Appeal Assignment Notice, as is usually sent to me describing the appeals designation and due date, I sent an Inmate request for interview (GA-22) to the Appeals Coordinator on August 19, 2007. After two more weeks of not hearing back from the Appeals Coordinator, on July 09, 2007 I filed A 602 appeal requesting the position of my August 02, 2007 appeal as well as requesting a LOG # for that 602 appeal and that an Assignment Notice

If you need more space, attach one additional sheet.    (CONTINUED ON ATTACHED SHEET)

B. Action Requested: To be granted a time extension and have my ~~orginl~~ original Aug.2 2007 filed at the formal level and given a LOG #. Thank you.

REC'D SEP 18 2007

Inmate/Parolee Signature: _____    DELIVERED SEP 21 2007    Date Submitted: 9/17/07

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

_____

_____

_____

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim    CDC Appeal Number: _____

CONTINUED 602 APPEAL FOR SEPTEMBER 17, 2007

Describe Problem: be sent to me for that August 2nd appeal. On September 13, 2007 I received my July 9th appeal back and a CDCR-695, Screening Form attached to the front of it. On the bottom of the screening form is stated that this CDCR-695 form may not be appealed. From the face of the Screed-Out appeal and the face of the CDCR-695 form attached, it appears that the appeals coordinator either does not understand the appeal, or did not read it at all. Regardless, the Appeals Coordinator, Eloy Medina, attached a printout of my updated appeals where there is no sign of my ~~Aut~~ August 2, 2007 appeal ever reaching or being filed. (Exhibit B, September 5th, 2007 screened out appeal) Being that the incident on which date of the August 2nd, 2007 appeal was filed (July 25, 2007) I an now barred by 15 CCR §3084.6(c); from filing an appeal aginst medical staff Dr. Keren Kerby because the incidence occured on July 25, 2007 and my August 2nd 2007 appeal ~~XEXXXEXXXXEX~~ never reached the Appeals Coordinator. As stated in my original appeal of August 2, 2007, I am only filing this appeal to exhaust my lesser remedies so as this matter is not likely to be resolved at the Administrative Level, so I might bring this matter to the court.


ATTACHED: EX A Original August 2,2007  602 Appeal
          EX B Screened out 602 appeal for September 9, 2007

_Chad E. Kastle_                           DATED: September 17, 2007
CHAD E. KASTLE, P86598

State of California    INMATE / PAROLEE APPEAL SCREENING FORM    Department of Corrections and Rehabilitation
CDCR-695

INMATE: __Kastle__    CDC #: __P-86598__    CDC HOUSING: __B5-102__

THIS IS *NOT* AN APPEAL RESPONSE – THIS APPEAL IS EITHER REJECTED FOR ONE OR MORE REASONS NOTED BELOW OR
RETURNED TO YOU TO ATTACH SUPPORTING DOCUMENTS.

### YOUR APPEAL IS BEING RETURNED TO YOU FOR THE FOLLOWING REASON(S):

[ ] Duplicate Appeal; Same Issue

[ ] Inappropriate Statements

[ ] Time Constraints Not Met

[ ] Cannot Submit On Behalf Of another Inmate

[ ] Appealing Action Not Yet/Already Taken

[ ] May Submit One (1) Non-Emergency Appeal Per Week

[ ] Incomplete 602

[ ] Attempting to Change Original Appeal Issue

[ ] Not Authorized to Bypass Any Level

[ ] Numerous and separate issues

[ ] Limit of One Continuation Page May Be Attached

[ ] Action / Decision Not Taken By CDCR

[ ] DRB/BPH Decisions Are Not Appealable

[ ] No Significant Adverse Effect Demonstrated

[ ] Pointless Verbiage/Appeal is vague

[ ] Not A Request Form; Use CDCR-7362 – to access Medical
    Services, submit your request on a CDCR-Form 7362.
    If necessary, sign up for sick call.

[X] Request for Interview; Not an Appeal

[ ] must attempt to resolve grievance informally
    through the informal appeals process

PLEASE FOLLOW INSTRUCTIONS AND <u>RETURN YOUR CDC 602 WITHIN 15 WORKING DAYS</u>
Comments:  You may write on back of this form to clarify or respond to the above.

_Send Request for Interview to_
_Medical._

_I have attached Appeal listing of_
_Formal appeals received by Appeals Office_

Eloy Medina, CC-II
Appeals Coordinator

DELIVERED SEP 1 3 2007
Date: __9/6/07__

This screening action may not be appealed. If you allege the above reason is inaccurate, then attach an explanation
on a separate piece of paper, or use the back of this screen out – *do not write any more on the appeal itself.*  Please

B5

DEPARTMENT OF CORRECTIONS

STATE OF CALIFORNIA

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region      Log No.      Category  /0

1. _____    1. _____

2. _____    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

*processing of Appeals*

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|-----------|------------------|
| KASTLE, Chad Edward | P86598 | PTR.B B52W | B5-102 |

A. Describe Problem: On August 02, 2007, I filed a CDC 602 appeal agints medical staff. On August 19th, 2007, after not hearing from the appeals coordinator regarding my appeal, I sent a CDC GA-22 Inmate request for Interview to the appeals coordinator requesting information regarding the August 2nd appeal. To date I have heard nothing about any action requested of my appeal, or a response to my 08/19/2007 request for interview. I am sending a re-typed co of the 08/19/2007 request for interview with this appeal.

-attached copy of 8-19-07, GA-22-

If you need more space, attach one additional sheet.

B. Action Requested: Provide me with the current position of my August 2nd appeal, provide me with a LOG # for that appeal, and forward me an, "Inmate Appeal Assignment Notice" for the August 2nd Appeal (CDC 602). Thank you.

Inmate/Parolee Signature: _____    RECD SEP 6 2007   Date Submitted: 09/05/2007

C. INFORMAL LEVEL (Date Received: _____ )

DELIVERED SEP 13 2007

Staff Response: _____

_____

_____

_____

_____

DELIVERED SEP 21 200

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) an submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed    CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

GA-22                          INMATE REQUEST FOR INTERVIEW

08/19/2007     Appeals Coordinator              Kastle                    P86598

    B5          204        porter, B52W     RDO: S/M

Coastline Community College Fall '07


I have not received an, "Inmate Appeal Assignment Notice" on two CDC-602 appeals I filed.

One was on August 02, 2007 and the other was on August 13, 2007. Please inform me as to the

proceedings of these Appeals.  Thank you.

STATE OF CALIFORNIA                                    COUNTY OF MONTEREY

### PROOF OF SERVICE BY MAIL

C.C.P. §1013(a) & §2015.5; TITLE 28 U.S.C. §1746

I Chad Kastle # P86598 , am a resident of Salinas Valley State
Prison, in Monterey County, California. I am over the age of 18 years and am/am not
a party of the foregoing entitled action. My Prison address is: 31625 Highway 101,
Post Office Box 1050, Soledad, California 93960-1050.

On this 4th day of March , 20 08, I served the foregoing:
CDCR-602 Administrative Appeal with Completed
Section "H". Two Attachment are included as
exhibits in Support of this appeal, 1) Habeas
Corpus Petition (141 pages) & 2) Resended CDC-602
of 2-7-08 (2 pages) ——— The Completed Section H includes
4 additional pages,
(Set forth exact title of document(s) served)

On the party(s) herein by placing a true copy thereof, enclosed in a sealed
envelope with postage thereof fully paid, into the hand of a California Correctional
Officer, to be placed into the outgoing inmate legal mail, in accordance with the
United States Supreme Court Case, Houston v Lack (1988) 487 U.S. 266, 108 S.Ct. 2379,

and addressed to:
Chief, Inmate Appeals          Cheif Psychologist, Mental Health
1515 S, Street                 Program ; Div. of Correctional
Sacramento, CA                 Health Care Services (DCHCS)
95814                          ATTN: Dr. Shama Chaiken, Ph.D.
                               PO Box 942883
                               Sacramento CA 94283-0001

There is delivery service by the United States Mail at the place so addressed, and/or
regular communication by mail between the place of mailing and the place so addressed.

I declare under penalty of perjury that the foregoing is true and correct.
Executed at Soledad, California on this 4th day of March , 20 08.

(Signature) _____
                    DECLARANT/PRISONER

* * * RESENDED CDCR-602 INMATE/PAROLEE APPEAL FORM * * *

THIS IS AN ATTACHMENT TO THE CDCR-602 INMATE/PAROLEE APPEAL FORM

LOG # SVSP-B-08-00671 of August 02, 2007

STATE OF CALIFORNIA

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

DEPARTMENT OF CORRECTIONS

| Location: | Institution/Parole Region | Log No. | | Category |
|---|---|---|---|---|
| 1. | | 1 | | |
| 2. | | 2 | | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| KASTLE, Chad E. | P86598 | Porter, Bldg. B5, 2nd Watch | B-5-102 L |

( (17) ATTACHMENT 1 PAGE )

A. Describe Problem: On July 25, 2007 I was involved in an incodent with my psychiatrict to which was issued a RVR-115, LOG # B07-07-0036. (see attached RVR) On August 2, 2007 I completed and deposited a CDC-602 into the outgoing intradepartmental prison mail directed to the Appeals Coordinator. On August 19, 2007 after not hearing of the proceedings of the 602, I sent the Appeals Coordinator a CDC-GA-22 Inmate Request For Interview, regarding the 602. (see attached copy of Aug. 19 CDC-GA-22) OnSeptember 05, 2007 after hearing nothing about my CDC-602 and CDC-GA-22 I filed a completed Sebsequest CDC-602 in the outgoing intradepartmental mail, directed to the appeals coordinator. On Sept. 06, 2007 this appeal was Screened-Out,

If you need more space, attach one additional sheet.    —CONTINUED ON ATTACHED—    RECD FEB 07 2008

B. Action Requested: Assign Log Number to this Appeal. Grant request cited on Original Aug. 2, 2007 CDC-602, and fully expunge the July 25, 2007 RVR-115 LOG # B07-07-0036, and restore the 90 days of forefited credits lost to RVR-115 LOG # B07-07-0036. Restore EPRD to 07-11-2010. ////

Inmate/Parolee Signature: _Chad E/Kastle_    Date Submitted: 02-07-2008

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _Recevd 02/08/2008_    _P86098_

_witnessed by MEDINA CCII C5W 2/8/08_

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

carbon copy kept.

CDC-602 Inmate/Parolee Appeal Form (Continued)

Kastle, Chad E., (P86598) B-5-102 L
February 07, 2008

A: Describe Problem (cont.)...because it was deemed to be an Inmate Request for interview and Not an Appeal. (see attached) Being that I may not appeal the CDC-695 Screening attachment, I filed a third CDC-602. On Sept. 17, 2007 I completed and deposited a CDC-602 into the outgoing intradepartmental prison mail, directed to the inmate appeals coordinator. On Sept. 18, 2007 I received the appeal back as it was screened-out because it was deemed to contain too many or numerous issues. After these four seperate attempts to exhaust my administrative appeal remedies persuant to the california case of In re Muscalski (1975) 52 Cal. App. 3d 500, 508, I deemed that the appeals process was inadequate as can be seen from the face of the actual appeal and the appeals coordinator's response. On October 5, 2007 I filed a petition for Writ of Habeas Corpus in the MOnterey Co. Superior Court in the Matter of In re Chad Edward Kastle, No. HC5929, regarding this matter. On December 03, 2007 the Hon. Strphen A. Sillman denied my Petition. I filed a Motion to reconsiter the Petition. On December 24, 2007 I filed a Petition for Writ of Habeas Corpus in the California Court of Appeals for the sixth Appellate Dist. in the matter of In re Chad Edward Kastle, Case No. H032422. ON order is due on February 20, 2008.
The issue at-hand is whether I am entitled to a Laches-tolling with regard to an undue delay which may render the issue cause for prejudice against me under Brown vs. State Personnel Board (1985) 166 Cal. App. 3d. 1151.  Should I be granted tolling with regard to 15 CCR §3084.7(c) to have my Original August 2, 2007 CDC-602 appeal heard even though it is over six months beyond time constrants.  The Brown court agreed it does at Brown Supra, page 1159, "In civil actions the 'defence of laches requires unreasonable delay plus either acquiescence in the act about which the plaintiff complains or prejudice to the defendant resulting from the delay."  The duty to accept the "Late" appeal, because of no fault of plaintiff's , is required by the defendant or the Prison Appeals Coordinator at the CDCR, when the issue such as is at hand arises.

DATED: February 07, 2008                    Respectfully Submitted,

                                            _____
                                            C.E.Kastle, P86598 (B5-102)
                                            Inmate, Pro se.

attached    :Aug 2, 2007 appeal
             Aug 19, 2007 request for interview
             Sept. 05, 2007 appeal
             Sept 17, 2007 appeal
             RVR-115 LOG # B07-07-0036

carbon copy retained by inmate, and sent to Plata et al receiver at P.O.Box 942883, Sacramento, CA 94283-0001.

State of California

Department of Corrections and Rehabilitation

# Memorandum

Date    :    February 11, 2008

To    :    Wardens
Classification & Parole Representatives

Subject:    PROCESSING CONFIDENTIAL DISCLOSURES BY CONTRACT CLINICIANS IN
LIFE PRISONER HEARING PROCESSES

This memorandum addresses processing of confidential disclosures by contract clinicians
working with the California Department of Corrections and Rehabilitation (CDCR) on life
prisoner processes for Board of Parole Hearings.

Civil Code Section 43.92 defines the legal "Duty to Warn" obligation of a psychotherapist,
when, within a confidential therapeutic relationship, a patient has made a serious threat against a
reasonably identifiable victim.    The "Duty to Warn" requires the psychotherapist make
reasonable efforts to communicate the threat to the victim and a local law enforcement agency
where the victim resides.

The attached memorandum dated April 18, 2007, entitled *"The Parameters of Confidentiality of
Inmate-Patient Communications and Guidelines for Disclosure*," serves as the current directive
for CDCR clinicians regarding disclosure of confidential information.    The Division of
Correctional Health Care Services, Legal Affairs Division, and the Division of Adult
Institutions are working collaboratively to draft a more clearly defined policy regarding "Duty to
Warn" notifications. Until the new policy is issued, disclosures by contract clinicians shall be
processed at the institutions consistent with those of CDCR clinicians. The Classification and
Parole Representative shall be the point of contact for the contract clinician when relaying a
need for disclosure.

If you have questions regarding this memorandum, please contact your assigned Associate
Director.

SCOTT KERNAN
Chief Deputy Secretary
Adult Operations

cc:  Martin Hoshino
Jim Davis
Suzan Hubbard
Marisela Montes
Associate Directors

CDC 1617 (3-89)

State of California　　　　　•　　　　　　　　　　　　Department of Corrections and Rehabilitation

# Memorandum

Date:  April 18, 2007

To:  Executive Staff
Associate Directors-Division of Adult Institutions
Regional Parole Administrators (Juvenile and Adult)
Regional Administrators-Division of Correctional Health Care Services
Superintendents
Wardens
Health Care Managers (Juvenile and Adult)

Subject:  THE PARAMETERS OF CONFIDENTIALITY OF INMATE-PATIENT
COMMUNICATIONS AND GUIDELINES FOR DISCLOSURE

The purpose of this memorandum is to ensure that confidentiality of inmate-patient communications with mental health clinicians is protected.

Overview

Health care delivered in prison is constitutionally adequate when it meets community standards, or those established for correctional settings by national correctional health care organizations. One area where there is significant and recognized differences between community and correctional standards is that of confidentiality.

Confidentiality of the inmate-clinician relationship is based on ethical and legal principles. One example of a well-known limitation to confidentiality, in the community and in prisons, is the *Tarasoff* ruling. Where a patient tells a clinician that he or she intends to harm a readily identifiable person, then the clinician has a duty to protect, which may at times be discharged by warning the identified person and/or law enforcement. For additional information, reference Attachment A, Assembly Bill 733, amendment to Section 43.92 of the California Civil Code.

In prisons, confidentiality is further limited by the interests of people (staff and inmates) and property (the institution's physical plant and its environment), which together constitute a concept commonly referred to as "the safety and security of the institution."

All staff that intentionally, accidentally or inadvertently overhears confidential communications (arising from clinical contacts such as cell front visits) is also responsible for maintaining confidentiality of the communication.

There are many familiar situations where strict and traditional healthcare confidentiality is compromised, such as during pill lines, during Interdisciplinary Treatment Teams (IDTT) meetings because the team composition includes custody officers, and during cell front visits. Custody officers, correctional counselors, and other staff who are members of an IDTT are bound to not discuss health-related inmate-patient information with anyone other than the team members.

Executive Staff
Associate Directors-Division of Adult Institutions
Regional Parole Administrators (Juvenile and Adult)
Regional Administrators-Division of Correctional Health Care Services
Superintendents
Wardens
Health Care Managers (Juvenile and Adult)
Page 2

In general, written clinical records, which often include documentation of conversations conducted in a private clinical setting, are entitled to the same protections as in the community. Clinicians should familiarize themselves with relevant State and federal laws (such as Health Insurance Portability and Accountability Act - HIPAA), which basically require written consent from patients for release of medical information outside of the treatment team. Exceptions arise, however, when information obtained by a clinician in the course of a therapeutic encounter, creates a set of security concerns that are much broader than those in the community. For example, if an inmate tells a clinician that he or she possesses a weapon, the clinician must report it to custody in the interest of protecting the safety and security of the institution. In a private practice setting, as an example, such a disclosure would not ordinarily be reported to the police.

To date, there are no nationally accepted guidelines/laws that govern all instances of limitations to confidentiality in a correctional setting. Therefore, the California Department of Corrections and Rehabilitation (CDCR) has developed guidelines regarding the handling of information disclosed in the context of an inmate clinician relationship, and during a clinical encounter.

Definitions

- For purposes of this policy, the general term of "clinician" is used when referring to psychiatrists, physicians, psychologists, clinical social workers, nurse practitioners, registered nurses, licensed vocational nurses, licensed psychiatric technicians, and recreational therapists.

- A "clinician-patient relationship" is established in the correctional setting when a clinician is engaged in the evaluation/assessment/diagnosis and/or treatment of a mental or emotional condition. A communication by an inmate, within the clinician patient relationship, to a clinician, is considered confidential if the inmate does not intend it to be disclosed to third persons.

- The location where a confidential communication occurs is referred to, in this memorandum, as the "clinical setting."

- A "clinical encounter" occurs when a clinician communicates with an inmate-patient in a clinical setting.

- The "safety and security of the institution" refers to and involves people (self, others, the community) and property (the institution's physical plant and environment).

Executive Staff
Associate Directors-Division of Adult Institutions
Regional Parole Administrators (Juvenile and Adult)
Regional Administrators-Division of Correctional Health Care Services
Superintendents
Wardens
Health Care Managers (Juvenile and Adult)
Page 3

- The adjective "acute," in reference to intoxication, is a medical term that means "of abrupt onset," in reference to a disease or condition. Acute often also connotes a condition that is of short duration and in need of urgent attention. Further, for the purpose and clarification of this policy, "acute" essentially means signs and symptoms of being under the influence in the here-and-now.

Guidelines

These guidelines apply to all clinicians working within, or on behalf of, the CDCR as well as any nonclinical staff who overhear confidential communications.

A. Disclosure
The disclosure of confidential information to nonclinical staff is permissible when:

1.  The inmate is suicidal and it is clinically necessary to inform others in order to protect the inmate-patient.

2.  The inmate is:

    a.  Receiving psychotropic medication: as an example, custody may need to know (without disclosing specifics) that an inmate is on a medication that causes side-effects that may interfere with the ability to follow orders or participate in programming.

    b.  Being noncompliant with medication: as an example, custody may need to be informed that an inmate is medication noncompliant and needs to be restrained for the administration of such, pursuant to a *Keyhea* order.

3.  The inmate requires movement to a special unit for observation, evaluation, or treatment of acute episodes.

4.  The inmate requires transfer to a treatment facility outside the prison.

The disclosure of confidential information to appropriate nonclinical staff is mandatory when:

1.  The inmate is homicidal, by virtue of either conduct or oral statements, and there is a reasonably identifiable victim.

2.  The inmate specifically admits to, or leads the clinician to a reasonable suspicion of, child or elder abuse (clinicians are trained to recognize those situations requiring a report).

Executive Staff
Associate Directors-Division of Adult Institutions
Regional Parole Administrators (Juvenile and Adult)
Regional Administrators-Division of Correctional Health Care Services
Superintendents
Wardens
Health Care Managers (Juvenile and Adult)
Page 4

3.    The psychotherapist has reasonable cause to believe that the patient is in such mental or emotional condition as to be a danger to him/herself or to the person or property of another and that disclosure of the communication is necessary to prevent the threatened danger, by virtue of any of the following:

   a.  An inmate's conduct/behavior, including possession of a weapon.

   b.  An inmate's oral statements, including communications such as those that indicate a plan for drug trafficking or a plan for sexual misconduct.

   c.  Signs and symptoms that an inmate is in a state of acute intoxication, secondary to either illegal substances or prescribed medications (nonphysicians shall seek immediate consultation with a physician when they suspect acute intoxication). Refer to Page 6 of this memorandum for additional details.

4.    The inmate presents a reasonably clear risk of escape or the creation of internal disorder or riot.

Clinicians shall not use the CDCR counseling or disciplinary process to report confidential communications such as thoughts, feelings, fantasies, or behaviors of inmate-patients which do not indicate any of the risks detailed in the above guidelines.

B. Scope of Disclosure
Only limited and relevant healthcare information should be shared, and only with those nonclinical staff who have a need to know. In situations where disclosure of confidential communication is deemed permissible, the clinician has the responsibility to weigh the potential harm and benefit of both maintaining confidentiality and of disclosing the information, in order to determine if disclosure is necessary.

In certain instances (such as, for example, matters involving communications that indicate a plan for drug trafficking or a plan for sexual misconduct) the clinician, exercising clinical judgment, may elect to report the inmate's behaviors and statements in general terms to custody staff, without identifying the specific inmate by name. Whenever a clinician elects to provide notification in this manner, they shall first seek consultation with a supervisor, and the two shall engage in the custody notification together.

More often than not, disclosure/non - disclosure issues cannot wait for presentation at a scheduled IDTT meeting. Therefore, when the clinician needs guidance regarding disclosure versus nondisclosure, the clinician should consult with a supervisor or

* *

Executive Staff
Associate Directors-Division of Adult Institutions
Regional Parole Administrators (Juvenile and Adult)
Regional Administrators-Division of Correctional Health Care Services
Superintendents
Wardens
Health Care Managers (Juvenile and Adult)
Page 5

colleague and document the consultation in the Unit Health Record. If a consensus cannot be reached between the clinician and a supervisor/colleague, the issue/case should be elevated up the local chain of command, first within the healthcare structure, and then, if indicated, with the custody management structure.

Discussions beyond the level of the clinician and a supervisor/colleague should contain as little revelation of identifying information as possible until a consensus is reached. If necessary, the Warden and Health Care Manager can elevate the issue/case to Regional Administrators and Regional Mental Health/Medical Directors for guidance. If necessary, these regional managers can elevate the matter for further guidance.

## Duty To Disclose Limits Of Confidentiality

Clinicians are responsible for informing the inmate-patient of the above limits of confidentiality, or ensuring that prior documentation in the Unit Health Record (UHR) indicates that this disclosure has occurred prior to commencement of a clinical encounter. CDCR Form 7448 Informed Consent For Mental Health Care shall be used for this purpose (see Attachment B).

Inmates should be informed that communication disclosed to a clinician, within the limits described in the guidelines above, and documented in the UHR, is generally confidential, but that information obtained in the context of a court ordered evaluation (such as for a Board of Prison Hearings determination, competency to stand trial, parole/probation reports, etc.) is not.

## Illegal Substance Use and Sexual Misconduct

Illegal substance use (including alcohol and inmate manufactured "pruno") and sexual misconduct warrant special consideration for the clinician working in a CDCR environment.

In regard to illegal substance use, clinicians commonly solicit information about such in the course of formulating an accurate diagnosis and the development of an appropriate treatment plan. Inmates need to feel confident that they can openly and honestly discuss use/abuse/addiction issues with their clinician without fear of rules violation reporting or criminal prosecution. Inability to have this type of confidential communication with a health care provider could pose a limitation in terms of access to care, which is potentially an 8th Amendment violation.

Scenarios involving acute intoxication or disclosure of planned use of illegal substances requires careful clinical judgment, utilizing the guidelines above (particularly in terms of 

Executive Staff
Associate Directors-Division of Adult Institutions
Regional Parole Administrators (Juvenile and Adult)
Regional Administrators-Division of Correctional Health Care Services
Superintendents
Wardens
Health Care Managers (Juvenile and Adult)
Page 6

danger to self or others), in determining whether or not to disclose the information to custody. If an inmate solicits and is granted confirmation of confidentiality from the clinician prior to disclosing information about illegal substance use, it is incumbent upon the clinician to stop the inmate and warn of the potential need to disclose if the course of the conversation shifts in a direction that raises the issue of potential dangerousness. The guiding principle is to be helpful to the inmate seeking assistance with a problem that affects his or her health (and conceivably would thereby benefit the safety and security of the institution) within the confines of the limits of confidentiality outlined in this policy.

Issues surrounding the trafficking (buying, selling, possession, illegal trade, movement, transporting) of illegal substances are reportable. If, during a private communication in a clinical setting, an inmate starts to disclose information regarding the trafficking of illegal substances, the clinician should stop the inmate and warn of the duty to disclose, thereby allowing the inmate the opportunity to stop or proceed with full disclosure.

Sexual misconduct within the confines of a clinical setting, such as indecent exposure, intentionally sustained masturbation without exposure (such as under the clothing), or verbal/written epithets, sometimes occur in a therapeutic context. An inmate should be encouraged to discuss the feelings, motivations, fantasies, compulsions, etc., behind these behaviors, but also be warned that the actual behaviors themselves are violations of institutional policy, and sometimes State law. The clinician shall instruct the inmate-patient to cease the illegal behaviors immediately, and shall inform them that a continuation of such behaviors shall result in termination of the therapeutic session and a reporting of the incident(s). The clinician is permitted to exercise clinical judgment in determining how to best handle these clinical situations, and, when in doubt, the clinician should seek consultation with a supervisor or colleague. The reporting of sexual misconduct behaviors that occur in a private clinical setting is not always mandatory. As an example, the reporting of an initial incident is left to the discretion of the clinician. The clinician shall, however, instruct the inmate-patient to immediately cease the behavior and shall review the Department's policy regarding sexual misconduct with the inmate-patient, but may elect not to report the incident. Once the clinician has provided this instruction and reviewed the rules with the inmate-patient, all subsequent incidents of sexual misconduct shall be reported via the rules violation reporting process.

When in doubt about issues related to illegal substance use and/or sexual misconduct, seek consultation utilizing the above guidelines. These types of decisions are often difficult and involve multiple complex moral, ethical, legal, humanistic and practical dilemmas and issues that include the inmate's access to care, the safety and security of the inmate, the safety and security of coworkers, as well as the general safety and security of the institution.



Executive Staff
Associate Directors-Division of Adult Institutions
Regional Parole Administrators (Juvenile and Adult)
Regional Administrators-Division of Correctional Health Care Services
Superintendents
Wardens
Health Care Managers (Juvenile and Adult)
Page 7

The conscientious clinician will never go wrong in seeking consultation and documenting the outcome of such.

## Procedure For Disclosure Of Confidential Information

When a decision is made to disclose confidential information, the clinician shall document, in the progress notes and treatment plan, consideration of:

1. The best way to limit the extent of disclosure while still preventing the threatened harm.

2. The potential strain to the therapeutic relationship with the clinician.

3. Any other relevant issues in regard to the therapeutic relationship and treatment goals, such as the potential need to reassign the inmate-patient's care to another clinician for the purpose of continued proper and sufficient access to care.

## Psychiatric Services Unit Considerations

Inmates who are receiving Enhanced Outpatient Program (EOP) level-of-care and are serving a Secure Housing Unit (SHU) term are housed in the Psychiatric Services Unit (PSU). These PSU programs utilize "Behavioral Incentive Programs" in granting privileges and property. Clinicians may continue to use the CDCR counseling or disciplinary process to document ONLY inmate misconducts that occur outside a clinical setting, and/or when the exceptions listed in the guidelines above are applicable.

## Use of the Disciplinary Process

When a clinician documents an inmate-patient's behavior using the CDCR disciplinary process, the clinician shall use a draft report worksheet. It is the responsibility of the custody-classifying official to designate the seriousness of the reported behavior, and whether it is categorized as a 128A Counseling Chrono or a CDCR Form 115 Rules Violation Report.

## Training

(Request
copy
of publchirbys
training card

& Attachment
C. for scenarios)

Attachment C includes scenarios to be used for training purposes. A schedule for staff training on this topic will be distributed under separate cover.

Executive Staff
Associate Directors-Division of Adult Institutions
Regional Parole Administrators (Juvenile and Adult)
Regional Administrators-Division of Correctional Health Care Services
Superintendents
Wardens
Health Care Managers (Juvenile and Adult)
Page 8

Questions

If you have any questions regarding this memorandum, you may contact Shama Chaiken, Ph.D., Chief Psychologist, Mental Health Program, Division of Correctional Health Care Services (DCHCS), at (916) 445-4114 or Michael Stone, J.D., Staff Counsel, Coleman Case, Office of Legal Affairs (OLA), at (916) 324-1421.


BRIGID HANSON                                    LEA ANN CHRONES
Director (A)                                     Director (A)
Division of Correctional Health Care Services    Division of Adult Institutions

Attachment

cc: Michael Stone, General Counsel, OLA
    Doug McKeever, Director (A), Mental Health Program, DCHCS
    Tim Rougeux, *Plata* Implementation Project Director, DCHCS
    Peg McAloon, Ph.D., Chief Psychologist, Mental Health Program, DCHCS
    Shama Chaiken, Ph.D., Chief Psychologist, Mental Health Program, DCHCS
    Andrew Swanson, M.D., Chief Psychiatrist, Mental Health Program, DCHCS
    Mary Huttner, SSM I, DCHCS, QMAT
    Joseph Moss, Correctional Captain, DAI
    Mary Neade, Correctional Counselor II, DAI

Salinas Valley State Prison
Chad E Kastle P 86598
Fac B5-102
Po Box 1050
Soledad, C.A.
93960-1050

LEGAL MAIL ONLY

STATE PRISON
GENERATED MAIL

RECEIVED

MAR 1 0 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Attn clerk of the court
U.S. District Court Northern District
U.S. court House
450 Golden Gate Ave
San Francisco, C.A.  94102-3483