IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD EDWARD KASTLE ) | No. C 08-0646 JF (PR) |
| Plaintiff, ) | ORDER OF DISMISSAL; DENYING MOTION FOR LEAVE TO AMEND |
| v. ) | |
| A. SCHWARZENEGGER., et al., ) | (Docket No. 6) |
| Defendants. ) | |

Plaintiff, a California prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis. On March 10, 2008, he filed a motion for leave to file an amended complaint. In the motion, Plaintiff indicates that he has not exhausted his administrative remedies, and he requests that the Court "grant a stay of petition." The Court dismisses this action without prejudice for failure to exhaust his administrative remedies, and denies the motion to file an amended complaint (Docket No. 6).

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is

1 immune from such relief. <u>See</u> <u>id.</u> § 1915A(b)(1),(2). <u>Pro</u> <u>se</u> pleadings must, however, be
2 liberally construed. <u>See</u> <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir.
3 1988).

4     The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be
5 brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal
6 law, by a prisoner confined in any jail, prison, or other correctional facility until such
7 administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).
8 Exhaustion is mandatory and no longer left to the discretion of the district court.
9 <u>Woodford v. Ngo</u>, 126 S. Ct. 2378, 2382 (2006) (citing <u>Booth v. Churner</u>, 532 U.S. 731,
10 739 (2001)).

11     Furthermore, the PLRA exhaustion requirement requires "proper exhaustion" of
12 available administrative remedies. <u>Id.</u> at 2387. The plain language of the PLRA requires
13 that *prior to filing suit*, all "administrative remedies available [must be] exhausted." 42
14 U.S.C. § 1997e(a). The Ninth Circuit has interpreted 1997e(a) to mean that an action
15 *must* be dismissed unless the prisoner exhausted his available administrative remedies
16 *before* he or she filed suit, even if the prisoner fully exhausts while the suit is pending.
17 <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199 (9th Cir. 2002). As Plaintiff has indicated that
18 he did not exhaust all of his available administrative remedies prior to filing the instant
19 action, the instant complaint is DISMISSED without prejudice for failure to exhaust his
20 administrative remedies prior to filing this action. The motion for leave to file an
21 amended complaint (Docket No. 6), and Plaintiff's for a "stay of petition" is DENIED.
22 Plaintiff may file a new complaint in a new civil rights action once he has exhausted his
23 administrative remedies.

24     The Clerk shall terminate any motions and close the file.
25     IT IS SO ORDERED.
26 DATED: 5/9/08
                                        JEREMY FOGEL
27                                      United States District Judge
28

Order of Dismissal
G:\PRO-SE\SJ.Jf\CR.08\Kastle646disexh.wpd    2